## Frasure v. Bull et al.

June 11, 1948.

Edward P. Hill and Joe Hobson for appellant.

Combs & Combs for appellees.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Affirming in part, reversing in part.

This action involves title to a tract of land located in Floyd County. The original suit was a forcible entry action filed by appellant against appellee, United Carbon Company, which had leased a portion of the land from appellee Bull. Soon thereafter Bull filed a suit against appellant to quiet his title, and the two actions were consolidated. The Chancellor dismissed appellant's petition in the action brought against United Carbon Company, and adjudged appellee Bull was the owner of the tract in dispute.

Appellant claims title under and by virtue of a so-called "Frasure" patent issued in 1904. Appellees claim under a "Spencer" patent issued in 1873 and a commissioner's deed executed in 1911. Both parties also make various adverse possession claims.

Each party had the disputed property surveyed, and the evidence is conflicting on various points. Appellees' surveyor found that one of the boundary lines of the "Spencer" patent, through which appellee Bull claims, included gas well No. 5 in dispute, and there was sufficient evidence to support the Chancellor's judgment in appellees' favor insofar as this patent boundary was concerned.

With respect to the rest of the disputed tract, the lines of the commissioner's deed to Bull and the boundaries of the "Frasure" patent, through which appellant claims, clearly overlap. There is some evidence that both parties actually had adverse possession of the land within the overlap. The evidence on this point is most conflicting and confusing, as is the entire record in this case. Appellant, however, does not show the nature, extent or duration of his possession, but contends that his actual possession at the time the suits were filed was sufficient to entitle him to judgment. He overlooks the fact that the ultimate issue before the Court was the question of title and not possession. Both par-

ties by their pleading had prayed that their title be quieted.

On the other hand, we are unable to find in the record substantial evidence that appellee Bull proved title to the land lying east of the eastern boundary of the "Spencer" patent as shown on the map filed as "Townsel Combs Exhibit 1." At the conclusion of appellees' brief their counsel contend that since appellant proved no title he cannot be prejudiced by adjudging title in appellee Bull. This contention is wholly without merit as the principal issue in the case was which party had title. Neither one may achieve title in this proceeding because of the failure of proof on the part of his adversary. As the record now stands, there is not sufficient evidence to support a judgment quieting title in either party.

For the reasons stated, the judgment is affirmed insofar as it dismisses appellant's petition against appellee, United Carbon Company; but due to the condition of the record, we do not think there was any substantial evidence upon which the Chancellor could determine which of the parties had title to the land described in appellee Bull's petition. Hence, we reverse that part of the judgment declaring appellee Bull the fee simple owner, without determining which of the parties, if either, has title to this particular land.